IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FORREST B ELLIOTT,

      Plaintiff,

v.                                    CASE NO. 4:06-cv-00089-MP-AK

MICHAEL BAXTER, JAMES V
CROSBY, GLENDA EDWARDS,
BONNIE JONES, A J
MCMILLAN, ODOM, LISA
MICHELLE PERKINS, ROBERT
S ROGERS, AL SOLOMON,

      Defendants.

_____/

# O R D E R

This matter is before the Court on Doc. 126, Second Report and Recommendation

regarding the Amended Complaint, Doc. 24, filed by Forrest B. Elliott, and the Motion for

Summary Judgment Filed by Robert S Rogers, Odom, Bonnie Jones, Glenda Edwards, and Lisa

Michelle Perkins, Doc. 112.  Plaintiff complained that he tore a muscle in his calf while working,

and that the Defendants deliberately withheld medical treatment as punishment in violation of

the Eighth Amendment.  Defendants argue, after discovery, that not only did they provide

prompt and sufficient medical attention to Plaintiff, he never had any serious injury at all.  The

Magistrate Judge has recommended Defendant's Motion for Summary Judgment be granted, and

this cause dismissed for failure to state a claim upon which relief may be granted.  Plaintiff

timely objected, Doc. 127.  This Court reviews all points to which objections have been filed *de

novo*.

      Medical claims under the Eighth Amendment have an objective and subjective

component, each of which additionally is considered to encompass two subsidiary requirements.
Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077, 121 S.Ct.
774, 147 L.Ed.2d 673 (2001). The "objective component" of the Eighth Amendment standard
requires a determination whether the alleged wrongdoing was objectively harmful enough to
establish a constitutional violation. *See* Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321,
2326, 115 L.Ed.2d 271 (1991). This objective component varies with the situation and the
conduct in question and is responsive to "contemporary standards of decency." Estelle v.
Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *see also* Rhodes v.
Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). An objectively
serious deprivation requires (1) showing an objectively "serious medical need." Estelle, 429 U.S.
at 104. A serious medical need is one that, if left unattended, "pos[es] a substantial risk of
serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811
(1994). A serious medical need is considered "one that has been diagnosed by a physician as
mandating treatment or one that is so obvious that even a lay person would easily recognize the
necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003),
quoting Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994).

In addition, an objectively serious deprivation requires (2) showing the response made by
the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction
of pain" and not simply "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical
malpractice" actionable under state law. Estelle, 429 U.S. at 105-06 (internal quotation marks
omitted). *See* Taylor, 221 F.3d at 1257; *see also* Farrow v. West, 320 F.3d 1235, 1243 (11th Cir.
2003).

To show the required subjective intent to punish, the plaintiff must demonstrate that the

defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. This is defined as requiring (1) an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference." Farmer, 511 U.S. at 837. In sum, in a claim of denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor, 221 F.3d at 1258.

Plaintiff objects first to the nature of the work he was asked to perform, during which he sustained the alleged injury. Though the seven page handwritten Objection was very difficult to understand, this Court has made every effort to afford this *pro se* litigant wide latitude by interpreting the points mentioned in the Objection in their most relevant light. Effectively, it appears Plaintiff attempts to establish some sort of malicious motive of the Defendants generally, by alleging a conspiracy to use state money and prison labor for unnecessary amenities for Defendants' personal use. In the Report and Recommendation, the Magistrate noted that Plaintiff had failed to explain precisely why Defendants might be motivated to exhibit deliberate indifference to his medical needs, or a desire to withhold medical treatment to punish him. Perhaps the Plaintiff believes that by painting Defendants as corrupt conspirators who use prisoner labor for their own personal gain, *a la* the "Shawshank Redemption," he can reveal circumstances that would allow a reasonable juror to draw an inference of deliberate indifference. If that is his belief, it is incorrect. Plaintiff fails to allege why he in particular would be wantonly mistreated, and there is no evidence whatever to support the alternative argument that Defendants wantonly mistreat inmates and deny them medical attention as a matter of course.

As the Magistrate Judge analyzed at length, Plaintiff has failed to allege any credible circumstances that would lead a reasonable trier of fact to infer that he was denied medical attention as punishment, or that medical attention was withheld with deliberate indifference. Indeed, based on all the available medical records, he was not denied medical attention at all. Rather, the record shows that every time he complained of a medical emergency, Plaintiff received prompt medical aid.  The medical records resulting from that aid reveal that Plaintiff never had a serious medical need, as relief under this cause of action would require.

Plaintiff objects also that the Magistrate "pulled or cited a bunch of <u>hog wash</u> case law pertaining to Plaintiff's complaint," (Doc. 127, p. 4) (emphasis original),  while declining to explain which of the Magistrate's citations were incorrect or how these facts could be distinguished from those giving rise to the cited authority.  Plaintiff does argue that "[t]his cause does warrant trial by jury[;] <u>all common sense shows it</u>."  (Doc. 127, p. 5) (emphasis original). This Court disagrees, but also notes that it is binding authority and legal analysis upon which the Court relies, not hunches or "common sense."  After careful *de novo* review, this Court finds the Magistrate's analysis to be a correct application of the proper legal authority to the facts presented.  This Court also agrees with the Magistrate's analysis regarding 28 U.S.C.A. § 1915, to which the Plaintiff did not object.  Therefore, it is hereby

**ORDERED AND ADJUDGED:**

1.     The Report and Recommendation of the Magistrate Judge, Doc. 126, is
        ADOPTED and incorporated herein.

2.     Defendants' Motion for Summary Judgment, Doc. 112, is GRANTED, and this
        cause DISMISSED for failure to state a claim upon which relief may be granted
        pursuant to 28 U.S.C.A. § 1915(e)(2).

3.     The Clerk is directed to note on the docket that this cause was dismissed pursuant
        to 28 U.S.C.A. § 1915(e)(2)(B)(ii) and shall constitute a "strike" within the

meaning of 28 U.S.C.A. § 1915(g).

**DONE AND ORDERED** this __*30th*__ day of September, 2009

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge